UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOVETTA TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:23-cv-00954-SRC |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | |

**Memorandum and Order**

To ensure the Social Security Administration has full opportunity to resolve claims for benefits, Congress requires people seeking benefits to exhaust their administrative remedies with the SSA before coming to district court. Before administrative exhaustion occurs, the Court generally lacks subject-matter jurisdiction over the denial of Social Security benefits. Despite this, Plaintiff Lovetta Taylor[1] asks the Court to resolve her claim. In response, the SSA moves to dismiss this case for lack of subject-matter jurisdiction. For the reasons below, the Court grants the SSA's motion and dismisses this case.

**I.   Background**

A pro se litigant, Taylor sued the SSA in state court. Doc. 1-5. Shortly after, the SSA removed the case to this Court. Doc. 1. Taylor mainly complains of "the constant Denials of Benefits, Payment, [and] backpay." Doc. 1-5 at 2 (the Court cites to page numbers assigned by CM/ECF, not to those provided by the parties). Also, Taylor seeks "reconsideration of [her]

---

[1] Taylor originally filed suit as Lovetta Jones, *see* doc. 1., and nearly all filings refer to her as Jones, *see* docs. 1–10. But Taylor recently remarried and requested the Court change her name in this proceeding. Doc. 11. The Court granted the request, doc. 13, and as such, the Court refers to the previously named Lovetta Jones as Lovetta Taylor.

Disability Claim, Supplemental Security Income Claim . . . [and] the Termination of Survivors Benefits." *Id*. Further, she claims an SSA representative discriminated and retaliated against her. *Id*. at 2–3. Finally, she alleges the SSA's actions will result in her being evicted and becoming homeless. *Id*. at 3.

When she filed suit, Taylor submitted multiple forms for different courts: United States District Court for the Eastern District of Missouri, doc. 1-5 at 8–12, 14–15; 22nd Judicial Circuit Court of Missouri, *id*. at 13; and Missouri Court of Appeals, *id*. at 16–19. In the federal form, Taylor alleges that an Administrative Law Judge heard her claim on both January 27, 2023, and March 15, 2023, and then denied her claim "on April 2023." Doc. 1-5 at 9. Further, she alleges the Appeals Council denied her request for review and she received their denial letter "on May 2023." *Id*. Although the form instructed Taylor to provide a copy of the Appeals Council letter, Taylor failed to provide one. *Id*. at 8 ("*NOTICE . . . The complaint must also include a copy of the Appeal* [sic] *Council's Letter denying request for review. This document is required to show that plaintiff exhausted all administrative remedies before seeking review in this Court.*" (emphasis in original)); *id*. at 9 ("**IMPORTANT:  ATTACH A COPY OF THE APPEAL** [sic] **COUNCIL'S LETTER TO THE COMPLAINT.**" (emphasis in original)).

The SSA disputes Taylor's procedural background. The SSA acknowledges that it denied Taylor's claims for supplemental-security income and disability benefits. Doc. 7 at 1–2. Further, it changed Taylor's dependent's survivors benefits. *Id*. at 2. After these initial denials, the SSA also denied Taylor's request for reconsideration. *Id*. But the SSA disputes the dates Taylor provided in the federal form. *Id*. at 4. Specifically, the SSA states that no ALJ hearing occurred before Taylor filed her claim. *Id*. Rather, the ALJ hearing was scheduled for October 13, 2023. *Id*. According to the SSA, no "final decision" has occurred. *Id*.

2

With these date disagreements, the SSA filed a Motion to Dismiss, arguing the Court lacks subject-matter jurisdiction over this claim. Doc. 7. With the motion, the SSA filed a signed affidavit by Lesha Cowell, Chief of Court Case Preparation and Review, doc. 7-1 at 1–3, and three exhibits, *id*. at 4–31. After the Administration filed its motion, Taylor failed to respond.

## II.     Legal Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss for lack of subject-matter jurisdiction. The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc). "Because of the unique nature of the jurisdictional question, it is the court's duty to decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (cleaned up). Further, "the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

Where, as here, a party brings a factual attack, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (quoting *Osborn*, 918 F.2d at 729 n.6). "[T]he court may receive evidence via 'any rational mode of inquiry,' and the parties may 'request an evidentiary hearing.'" *Buckler*, 919 F.3d at 1044 (quoting *Osborn*, 918 F.2d at 730). "[T]he party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the

3

evidence." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (citing *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007)).

"[T]he court must rule upon the jurisdictional issue unless it is so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." *Buckler*, 919 F.3d at 1044 (cleaned up). "If the jurisdictional issue is 'bound up' with the merits it remains within the district court's discretion to decide whether to evaluate the evidence under the summary judgment standard." *Moss*, 895 F.3d at 1097 (citing *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 203 n.19 (1974)). In sum, the Court may do the following on a factual attack: (1) consider evidence outside the pleadings, such as affidavits or other documents; (2) hold an evidentiary hearing; (3) evaluate the evidence under the summary judgment standard; or even (4) proceed to a full trial. *See id.*; *see also Buckler*, 919 F.3d at 1044. As discussed below, the Court decides this motion by considering the submitted evidence.

The Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

### III. Discussion

In the Social Security Act, Congress defined and limited the judicial-review process of Social Security claims:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

4

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g)–(h).

In section 405(g), the Act gives federal courts jurisdiction over Social Security claims. *Sipp v. Astrue*, 641 F.3d 975, 979 (8th Cir. 2011). But the Act limits federal courts' jurisdiction: "[The] Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted." *Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992). This limitation requires a person to present a "claim for benefits to the commissioner and . . . exhaust[] the prescribed administrative remedies before seeking judicial review." *Sipp*, 641 F.3d at 979–80 (citing *Schoolcraft v. Sullivan*, 971 F.2d 81, 84–85 (8th Cir. 1992)).

While judicial review generally requires exhaustion, an exception exists. "Courts may waive the exhaustion requirement if the claimants establish: '(1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile.'" *Degnan v. Burwell*, 765 F.3d 805, 808 (8th Cir. 2014) (quoting *Titus v. Sullivan,* 4 F.3d 590, 592 (8th Cir. 1993)). But when a party fails to establish "the first of the factors, the court need not consider the remaining two." *Id*. at 809 (citing *Clarinda Home Health v. Shalala,* 100 F.3d 526, 531 (8th Cir. 1996)).

The SSA argues Taylor failed to exhaust her administrative remedies and, therefore, the Court lacks subject-matter jurisdiction. The Court agrees.

The evidence shows Taylor failed to exhaust her administrative remedies. First, Taylor's claim is procedurally defective; she failed to provide the required Appeals Council letter. *See* doc. 1-5 at 8. Second, the evidence does not support the administrative hearing-and-review dates

5

she provided in the federal form.  *See id*. at 9.  For example, Taylor alleged an ALJ heard her claim on January 27, 2023.  *Id*. at 8.  But in her Complaint, she contradicts this.  Rather than an ALJ hearing, she alleges a phone call occurred between her and Manuel Gonzales, "from SSA office," on January 27, 2023.  *Id*. at 2, 5.  Additionally, the evidence does not support her allegation that an ALJ denied her claim in April 2023.  *See id.* at 8.  Rather than proof of an ALJ denial, she submitted the SSA's reconsideration denial of April 11, 2023, *id*. at 61; two request forms—one requesting reconsideration, *id*. at 63, and the other requesting an ALJ hearing, *id*. at 64—both purportedly filled out on April 15, 2023; and an email she sent on April 15, 2023, stating that "this is my response of me disagreeing and requesting reconsideration and a hearing for an Administrative Law Judge Review," *id*. at 65.

Opposed to this, the SSA supports its procedural timeline with evidence.  In her affidavit, Cowell states that she supervised the review of Taylor's claim, doc. 7-1 at ¶ 3, and provides the following timeline:

- October 21, 2022:  Taylor filed applications for supplemental-security income and disability benefits, *id*. at ¶ 3(a);
- February 6, 2023:  the SSA notified Taylor of a change in her dependent's survivors benefits, *id.* at ¶ 3(b);
- April 11, 2023:  the SSA denied Taylor's request for reconsideration regarding survivors benefits, *id.*;
- April 12, 2023:  the SSA denied Taylor's supplemental-security-income claim, *id.* at ¶ 3(a);
- April 19, 2023:  the SSA denied Taylor's disability-benefits claim, *id.*;
- April 26, 2023:  Taylor requested an ALJ hearing, *id.* at ¶ 3(c);
- October 13, 2023:  date of ALJ hearing, *id*.  (Notably, it appears from the record that no hearing occurred on October 13, 2023.  *See* doc. 12-1 at 12.)

To support these statements, the SSA provided copies of its denial letters, doc. 7-1 at 4–10, 16–20; Taylor's correspondence and requests, *id*. at 11–15, 21; and the hearing notice it sent to Taylor, *id*. at 22–31.

6

Considering both parties' filings, the Court finds Taylor failed to prove the jurisdictional facts by a preponderance of the evidence, *see Moss*, 895 F.3d at 1097, and this Court lacks subject-matter jurisdiction over Taylor's claim. Taylor needed to prove she exhausted her administrative remedies. *Anderson*, 959 F.2d at 692. But the evidence plainly shows exhaustion did not occur.

Further, the SSA argues that no exception applies here because Taylor's allegations "are not wholly collateral" to her claim for benefits. Doc. 7 at 5; *see also Degnan*, 765 F.3d at 808–09. Again, the Court agrees. "Whether a claim is collateral to the substantive claim of entitlement depends on whether the claim is unrelated to any controverted factual question of entitlement." *Jensen v. Schweiker*, 709 F.2d 1227, 1229 (8th Cir. 1983). All of Taylor's claims relate to the controverted factual question of entitlement: approval of supplemental income and disability benefits, doc. 1-5 at 2–3; reinstatement of survivors benefits, *id*. at 3; and conclusory allegations of negligence, discrimination, and retaliation of "SSA representative," *id*. Because all claims either echo or relate to the substantive claim of entitlement, no exception applies here.

Finally, dismissal here comports with the underlying policies of exhaustion. *See Degnan*, 765 F.3d at 809 ("[t]he ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of the *Eldridge* factors, [*see Mathews v. Eldridge*, 424 U.S. 319 (1976),] but should also be guided by the policies underlying the exhaustion requirement." (quoting *Bowen v. City of New York*, 476 U.S. 467, 484 (1986))). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Id.* at 808 (quoting *Weinberger v. Salfi,* 422 U.S.

7

749, 765 (1975)).  With an ALJ hearing on October 13, presumably, the administrative review of Taylor's claims is ongoing.  And as of now, no administrative record exists to help the Court evaluate the facts of this case.  The Court's interference in this matter would be premature.

## IV.    Conclusion

Because the Court concludes that it lacks subject-matter jurisdiction over Taylor's claim, the Court grants the SSA's [7] Motion to Dismiss and dismisses Taylor's claim.  A separate Order of Dismissal accompanies this Memorandum and Order.

So ordered this 20th day of November 2023.

_SLR. CL_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE